**SPANN, Appellee, v. WESTERN UNION TELEGRAPH CO., Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6508.   Decided May 14, 1945.

Jesse D. Locker, Cincinnati, and Alfonso B. McClure, for appellee.

Ireton & Schoenle, Cincinnati, for appellant.

## OPINION

By HILDEBRANT, P. J.

A judgment was entered for plaintiff on the verdict of a jury for $500.00 as damages for failure to deliver the following

telegram sent from Cincinnati, Ohio, on November 16, 1943, at 8:38 P. M., to Catherine Nobles, 1312 Abbeville Ave., Aiken, S. C., to-wit:

"Nov. 16, 1943

To Mrs. Catherine Nobles
1312 Abbeville Ave.,
Aiken, S. C.
Meet me in Columbia, S. C. Wed. Nov. 17, at 5:15, P. M.
Estella Spann"

The answer contained a general denial.

On the trial, plaintiff offered no proof of presentation of a claim for damages within sixty days of the filing of the message, as required by the printed conditions on the back of the message introduced in evidence by the plaintiff; neither was there any evidence introduced by plaintiff that the addressee of the message could or would have met appellee.

The Court below overruled defendant's motion for judgment notwithstanding the verdict, based on the two failures of proof above noted, which ruling by the Court is assigned here as the principal ground of error in this appeal on questions of law.

If such proof is necessary in law to plaintiff's case, it was error, prejudicial to defendant to overrule the motion above referred to.

Defendant offered authenticated photostatic proof of its tariff filed with the Federal Communications Commission pursuant to Section 203A of the Federal Communications Act of 1934, showing approval by that body of the printed conditions contained on the message blank under which the message was accepted and this being an interstate message is subject to regulation by the above.

In **Scott & Geraci v Postal Tele. Co., 45 Oh Ap 229,** this Court held that failure to file claim within sixty days against telegraph company for failure in delivery of message in accordance with the printed conditions under which the message was accepted bars the claim.

The Court found a line of cases upholding claims where the telegraph company had by its actions induced the failure to file or lured the plaintiff into such position, but there is no evidence here of any such conduct on the part of the company.

The claim of presentation in writing contained in the petition is controverted by the general denial of the answer and it was incumbent upon plaintiff to prove it. The Court

feels no comment is necessary on plaintiff's claim that defendant should have indicated in its opening statement that it would insist on full proof of facts necessary to plaintiff's case.

**Sec. 11601 GC** provides:

"When, upon the statements in the pleadings or upon the evidence received upon the trial, one party is entitled by law to judgment in his favor, judgment shall be so rendered by the court, although a verdict has been found against such party and whether or not motion to direct a verdict may have been made or overruled, but no judgment shall be rendered by the court on the ground that the verdict is against the weight of the evidence."

From the foregoing, the Court concludes it was error, prejudicial to defendant, for the Court below to overrule the motion for judgment notwithstanding the verdict.

As to the second ground of the motion—the record reveals only that plaintiff testified her sister would meet her with a car. This falls short of proof that the sister could and would have met her. That such proof is necessary, see: 62 C. J. Sec. 293; Cumberland Tele. Co. v Brown, 55 S. W. (Tenn.) 155; Western Union Tele. Co. v Baltz, 299 S. W. (Ark.) 377.

The judgment is, therefore, reversed and the cause remanded with instructions to enter final judgment for defendant, at plaintiff's costs.

HILDEBRANT, P. J., MATTHEWS & ROSS, JJ., concur in syllabi, opinion and judgment.